**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:06 CR 481** |
| | ) | **1:09 CV 2651** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Tyrone Wagner,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 49) and Motion for an Evidentiary Hearing (Doc. 55). For the following reasons, both motions are DENIED.

**Facts**

Defendant was indicted for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. He thereafter filed a motion to suppress evidence obtained during the search of his residence and requested an evidentiary hearing. This Court denied

1

his motion without an evidentiary hearing. Defendant subsequently pleaded guilty pursuant to a written plea agreement, reserving his right to appeal the denial of his motion to suppress. Defendant was sentenced to a term of imprisonment of 188 months on both counts, followed by a term of supervised release of three years. Defendant appealed the denial of his motion to suppress and request for an evidentiary hearing. The Sixth Circuit Court of Appeals affirmed this Court's judgment. In doing so, it set forth the following underlying facts.

> During the week of September 3, 2006, the Bureau of Alcohol, Tobacco, and Firearms (ATF) agents, with the help of a confidential informant (CI), arranged for a controlled buy of crack cocaine from Wagner. The CI told ATF agents that he had witnessed Wagner trafficking drugs in the past and had seen Wagner in possession of firearms. The CI identified Wagner's photo and provided agents with Wagner's address and vehicle information. ATF agents independently corroborated the CI's information by contacting Wagner's parole officer and a postal inspector, and obtained information on Wagner's previous firearm conviction.
>
> Sometime around September 6, 2006, the CI, wearing an electronic monitoring device, met Wagner in the parking lot of Wagner's apartment complex. The CI handed cash to Wagner, who stated that he had to go up to his apartment and would return shortly. Upon returning to the parking lot, Wagner handed the CI a quantity of crack cocaine.
>
> On September 8, 2006, ATF agents applied for a warrant to search Wagner's apartment for drug trafficking items. In the affidavit accompanying the request, an ATF agent detailed the foregoing information regarding the CI, the controlled buy, and the agent's independent investigation. On September 13, 2006, officers executed the issued search warrant. As the officers were approaching Wagner's apartment building, they encountered Wagner in the parking lot, stopped him, and ordered him back into the apartment. Officers handcuffed Wagner and detained him for the duration of the search, which turned up a .38-caliber revolver, ammunition, a 16-gauge sawed-off shotgun, and miscellaneous drugs and drug trafficking paraphernalia.

*United States v. Wagner,* 289 Fed.Appx. 57 (6th Cir. 2008).

This matter is now before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Motion for an Evidentiary Hearing.

**Standard of Review**

Pursuant to 28 U.S.C. §2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255.

To warrant relief under 28 U.S.C. § 2255, a petitioner must demonstrate the existence of "an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Hamblen v. U.S.,* - F.3d -, 2009 WL 5125132 (6th Cir. Dec. 30, 2009) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003)).

 "In order to make factual determinations..., § 2255(b) requires an evidentiary hearing on a § 2255 motion '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Wright v. U.S.,* 320 Fed.Appx. 421 (6th Cir. 2009).

**Discussion**

Defendant sets forth four grounds for relief. Ground One alleges ineffective assistance of counsel. Grounds Two and Three challenge this Court's denial of an evidentiary hearing and *Franks* hearing. Ground Four alleges that defendant received an unconstitutional sentence.

**(1) Timeliness**

Plaintiff asserts that defendant's motion is time-barred. This Court disagrees. Under

the statute, a § 2255 motion must be filed within one year from the date on which the judgment became final. The judgment becomes final at the conclusion of direct review. *Reichert v. United States*, 101 Fed. Appx. 13 (6th Cir.2004) (citations omitted). Where the defendant does not file a petition for certiorari with the United States Supreme Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review, i.e., 90 days, expires. *Kelly v. U.S.,* 93 Fed.Appx. 763 (6th Cir. 2004). Defendant herein did not appeal the Sixth Circuit's ruling to the Supreme Court. Therefore, his conviction became final when the time for filing a petition for certiorari had run. The Sixth Circuit issued its Mandate on September 29, 2008. Thus, the judgment became final 90 days later, i.e., around December 29, 2008, and the one year period expired December 29, 2009. Defendant filed his motion to vacate on November 12, 2009. Therefore, it was timely.

**(2) Grounds One, Two, and Three**

Ground One asserts that "counsel was ineffective for failing to fully investigate the factual circumstances and demonstrate to the District Court that [defendant] had legitimate expectation of privacy [at his residence]." (Doc. 49 at 4)

"A habeas petitioner must demonstrate two elements to prevail on a claim of ineffective assistance of counsel: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Javaherpour v. U.S.*, 315 Fed.Appx. 505 (6th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This standard applies to ineffective assistance of counsel claims involving guilty pleas. *Id.*

4

(citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Goldsby v. United States*, 152 Fed.Appx. 431, 437 (6th Cir.2005)).

Plaintiff points out that in response to this Court's questions to defendant prior to accepting the guilty plea, defendant made clear that he objected only to his attorney's failure to have the length of his sentence reduced and not to his performance otherwise. Plaintiff now asserts that his attorney never investigated leads about the search. Nor did he speak with witnesses about the execution of the search warrant including the apartment manager, defendant's wife, or defendant's brother who were present when the agents apprehended defendant. Defendant asserts that the agents began the search without the warrant, which did not arrive until later. Defendant also contends that his attorney failed to investigate facts related to the CI's motivation in identifying defendant. At a minimum, defendant fails to come forward with evidence showing that had his counsel performed more of an investigation, he would have uncovered facts which would have warranted an evidentiary hearing and resulted in suppression of the evidence. Without such a demonstration, defendant fails to show that there is a reasonable probability that, but for the alleged deficiency, the outcome of his proceedings would have been different.

Grounds Two and Three challenge this Court's denial of an evidentiary hearing as to whether defendant was arrested or merely detained, and a *Franks* hearing on the validity of the search warrant. The Sixth Circuit, however, rejected these arguments. That court concluded that the officers' actions constituted a detention, not an arrest, and that defendant had improperly devoted his *Franks* argument to the credibility of the CI and the agents' failure to disclose his identify. The court also rejected defendant's argument that the search

5

warrant was not supported by probable cause. Defendant makes the same arguments here. It is well-established that absent highly exceptional circumstances, such as an intervening change in law, a § 2255 litigant may not relitigate a matter adversely decided on appeal. *United States v. Cheney*, 2009 WL 160658 (E.D.Mich. Jan.22, 2009) (citing *Jones v. United States,* 178 F.3d 790 (6th Cir. 1999).  Here, defendant has not shown any exceptional circumstance. Thus, because defendant reasserts the same arguments considered and rejected by the Sixth Circuit, further review is inappropriate. *Id.*

### (3) Ground Four

Ground Four alleges that defendant received an unconstitutional sentence.  Defendant, however, failed to raise this issue on direct appeal and, therefore, it is waived.  "It is well-settled law that failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice." *Murr v. Thoms,* 62 Fed.Appx. 572 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 164-65 (1982)).  Defendant does not demonstrate cause and prejudice.

For these reasons, § 2255 relief is not warranted and defendant is not entitled to an evidentiary hearing.

### Conclusion

For the foregoing reasons, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied and Motion for an Evidentiary Hearing is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/9/10